IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TAMARA WAREKA f/k/a TAMARA WILLIAMS, | § § § | NO. 5:25-CV-00334-DAE |
| *Plaintiff*, | § § | |
| vs. | § § § | |
| DOLL LAB LLC d/b/a DOLLISTIC, and EMILY JOY GARZA, | § § § | |
| *Defendants*. | § § | |

_____

ORDER ADOPTING REPORT AND RECOMMENDATION, AND GRANTING
IN PART MOTION FOR DEFAULT JUDGMENT

Before the Court is a Report and Recommendation filed by U.S.

Magistrate Judge Henry Bemporad.  (Dkt. # 28.)  On August 5, 2025, the Court

referred Plaintiff Tamara Wareka's ("Plaintiff") Motion for Default Judgment

(Dkt. # 17) to Magistrate Judge Henry Bemporad.  Magistrate Judge Bemporad

filed his Report and Recommendation (the "Report") on October 23, 2025.  (Dkt.

# 28.)  Objections to the Report were due within 14 days after being served with a

copy.[1]  Neither party filed any objections to the Report.

_____

[1] Despite failing to enter an appearance in this case, the Court requested that
Defendant be served a copy of the Report.  A copy was sent via certified mail on
November 7, 2025.  (Dkt. # 29.)

<u>BACKGROUND</u>

The Court will recite the facts as stated by the Magistrate Judge.  As default has been entered against Defendants Dollistic and Garza, the well-pleaded factual allegations in Plaintiff's First Amended Complaint are admitted for purposes of the motion for default judgment.  <u>Nishimatsu Constr. Co. v. Hous. Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975).

Plaintiff is a professional photographer specializing in beauty photography.  (Dkt. # 11 at 3.)  She is the owner and exclusive rights holder of three close-up beauty photographs which are the subject of this action, and she registered all three photographs with the United States Copyright Office.  (<u>Id.</u> at 4–5.)  On or about February 22, 2023, Plaintiff discovered that the three photographs were being used on social media accounts controlled by Dollistic, which is owned and operated by Defendant Garza.  (<u>Id.</u> at 5–7.)  Plaintiff has no record of the photographs being licensed to either Defendant, nor had Plaintiff granted either Defendant permission to copy or publicly display the photographs on their social media accounts.  (<u>Id.</u> at 8.)

Soon after discovering Defendants' unauthorized display of the photographs, Plaintiff requested that they be removed, hoping to resolve the matter without court intervention; however, Defendants were unresponsive to her efforts. (Dkt. # 11 at 8.)

On March 30, 2025, Plaintiff filed her complaint against Dollistic. (Dkt. # 1.)  Dollistic was served with process (see Dkt. # 9), but it did not file an answer or otherwise respond.  On May 12, 2025, Plaintiff filed a Motion to Amend her Complaint to add Defendant Garza.  (Dkt. # 10.)  The Court granted the motion, and Defendant Garza was served on June 10, 2026.  (See Dkt. # 14.)  Like Dollistic, Garza neither answered nor otherwise responded, and default was entered against both Defendants on July 11, 2025.  (Dkt. # 16.)

Plaintiff now requests entry of default judgment against Defendants, and seeks a permanent injunction, statutory damages, attorneys' fees and costs, and post-judgment interest.  (Dkt. # 17.)  Although they were provided notice, neither Defendant responded to the motion or appeared at the hearing.

On October 23, 2025, Magistrate Judge Henry Bemporad entered his Report on the motion for default judgment, recommending that the Court grant Plaintiff's motion in part.  (Dkt. # 12.)  No objections were filed.

<u>ANALYSIS</u>

Where, as here, neither party objects to the Magistrate Judge's findings, the Court reviews the Report and Recommendation for clear error. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

After careful consideration, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation.  The Court finds that the Magistrate Judge's

conclusion is correct that Defendants have not entered an appearance in this case or otherwise responded, and that Plaintiff is entitled to a default judgment because Plaintiff has stated a claim upon which relief may be granted.  (Dkt. # 28 at 4–5.)

The Court further agrees with, and therefore declares, the Magistrate Judge's findings that Plaintiff is entitled to: (1) permanent injunctive relief pursuant to 17 U.S.C. § 502; (2) $33,600 in statutory damages pursuant to 17 U.S.C. § 504(c)(2); and (3) $3,510 in attorneys' fees and $405 in other costs pursuant to 17 U.S.C. § 505.  (Id. at 5–9.)  Lastly, Defendant is required to pay post-judgment interest, to be calculated and compounded pursuant to 28 U.S.C. § 1961, until the judgment is paid in full.

CONCLUSION

Accordingly, for the reasons given, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 28) as the opinion of the Court, and **GRANTS IN PART** Plaintiff's Motion for Default Judgment (Dkt. # 17).  The Court will enter a separate order of final judgment.  Thereafter, the Clerk's Office is **INSTRUCTED TO CLOSE THE CASE**.

**IT IS SO ORDERED**.

**DATED:** San Antonio, Texas, December 17, 2025.

_____
David Alan Ezra
Senior United States District Judge